UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Joel Schneider |
| | : | |
| v. | : | Mag. Nos. 12-2020 through 12-2026 (JS) |
| | : | |
| MELIDO FORTUNA, | : | |
| JOSE G. FORTUNA, | : | |
| WAEL KHASHARMEH, | : | |
| MUHAMMAD SHAFIQUE, | : | |
| MOHAMMAD RAFIQ, | : | |
| KAMRAN KHALID, and | : | |
| MHAND HASSAM, a/k/a "Moe" | : | |

## STIPULATION FOR PROTECTIVE ORDER

This matter having come before the Court on the application of the United States and defendants, by and through their undersigned counsel, that this Court issue an Order protecting from disclosure to the public any discovery materials and the information contained therein, and other information provided by the Government to defendants through informal and formal discovery, at the request of defendants, and thereafter pursuant to Federal Rule of Criminal Procedure 16, Title 18, United States Code, Section 3500, Brady v. Maryland, United States v. Giglio, and any Orders of the Court for Discovery and Inspection, that contain the personal information, including but not limited to images and voice recordings of the undercover officers and/or persons cooperating with the Government (informants), identifying information such as account numbers, Social Security numbers, drivers licenses numbers, dates of birth, telephone numbers, A-file numbers, email addresses or physical addresses, of participants,

-1-

witnesses and victims in this case. Such materials shall be referred to hereinafter as "Protected

Materials." The parties state as follows:

1.      Due to the nature and scope of the alleged scheme, discovery in this case is

voluminous.

2.      Protected Materials may constitute evidence and used as such by the parties in the

case.

3.      The United States agrees to provide Protected Materials to the Defendants without

redacting the personal identifiers of participants, witnesses, and victims, with the possible

exception of certain materials it reserves the right to produce in redacted form.

4.      Access to Protected Materials will be restricted to personnel authorized by the

Court, namely the Defendants, attorneys of record, and their associated counsels, paralegals,

investigators, experts (retained pursuant to a written retainer agreement, by Defendants and/or

their counsel in connection with the criminal case), secretaries employed by the attorneys of

record and performing services on behalf of the defendants, prospective witnesses (to the extent

deemed necessary by defense counsel, for trial preparation) and such other persons as hereafter

may be authorized by the Government or the Court upon motion by the defendants. Protected

Materials may not be given to or remain in the custody of prospective witnesses.

5.      The following restrictions will be placed on the above-designated individuals

unless further ordered by the Court. The above-designated individuals shall not:

a.      Make copies of the Protected Materials for, or allow copies of any kind to

be made by, any other person, or allow the Protected Materials to be otherwise disseminated;

b.      Allow Defendants to retain copies of any videos or other materials

containing images, visual and/or audio recordings of the undercover officers or informants, or any identifying information of the undercover officers or informants;

      c.    Otherwise allow Defendants to retain copies of the Protected Materials (unless redacted of the personal information);

      d.    Allow any other person to read Protected Materials;

      e.    Use Protected Materials for any other purpose other than preparing to defend against the charges in the complaints and in any subsequent charging documents, including indictments and superseding indictments arising out of this case; and

      f.    Disclose the Protected Materials in any form to members of the media or permit the Protected Materials to be used for any commercial or business purpose.

6.    Defendants' attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Court's Order. Defendants' attorneys shall provide that person a copy of this Order. The designated persons shall be subject to the terms of this Order. Defendants and/or their counsel shall maintain a record of all such persons who have received Protected Materials.

7.    Defendants and/or their counsel may not disclose Protected Materials to any person not identified in paragraph 4 above unless Defendants and/or their counsel makes a written request to the Government for an exception to these restrictions, and such a request is granted. The Government shall make all reasonable efforts to accommodate such exceptions. If such exceptions are refused, Defendants and/or their counsel may seek relief from the Court.

8.    Counsel for Defendants shall store the Protected Materials in a secure place and shall use reasonable care to ensure that the Protected Materials are not disclosed or disseminated

to any third party in violation of this Protective Order. In the event of any inadvertent disclosure of Protected Materials, counsel for Defendants shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Protected Materials and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Protected Materials.

9.      The requested restrictions shall not restrict the use or introduction as evidence of discovery documents containing personal identifiers including but not limited to account numbers, Social Security numbers, A-file numbers, drivers license numbers, dates of birth, telephone numbers, email addresses or physical addresses during the trial in this matter, if the inclusion of personal identifiers is relevant to the case and the Court and the Government are given prior notice of defendants' intent to use such document at trial.

10.     This stipulation is binding on all future and successor counsel.

11.     The defendants and/or their counsel agree that they have no ownership or proprietary interest in the materials subject to this Protective Order. Upon conclusion of this litigation, defendants' attorneys shall return to counsel for the United States, or destroy and certify to counsel for the United States, the destruction of all Protected Materials, including but not limited to all videos and images of the undercover officers and informants, and all materials containing personal identifiers such as account numbers, Social Security numbers, A-file numbers, drivers license numbers, dates of birth, telephone numbers, email addresses or physical addresses within a reasonable time, not to exceed thirty days after defendants have exhausted all

appellate rights.

Dated: Camden, New Jersey
~~March~~ April 5, 2012

Form and entry consented to:

PAUL J. FISHMAN
UNITED STATES ATTORNEY

BY: _____
DIANA VONDRA CARRIG
Assistant United States Attorney


_____
LISA EVANS LEWIS, ESQUIRE
Counsel for Melido Fortuna

_____
RICHARD SPARACO, ESQUIRE
Counsel for Jose G. Fortuna


_____
GILBERT SCUTTI, ESQUIRE
Counsel for Wael Khasharmeh


_____
JOSE L. ONGAY, ESQUIRE
Counsel for Muhammad Shafique


_____
STANLEY KING, ESQUIRE
Counsel for Mohammad Rafiq


_____
ROCCO CIPPARONE, ESQUIRE
Counsel for Kamran Khalid


_____
EDWARD BORDEN, ESQUIRE
Counsel for Mhand Hassam, a/k/a "Moe"


-5-

**ORDER**

IT IS SO ORDERED this ___5th___ day of March, 2012.

_____
HONORABLE JOEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE

Camden, New Jersey

-6-